OPINION
{¶ 1} Defendant-appellant Kathy A. Frasure ("appellant") appeals from the imposition of an eight-month sentence for the offense of breaking and entering, a felony of the fifth degree, by the Ashtabula County Court of Common Pleas.
 {¶ 2} On June 6, 2001, appellant and a thirteen-year old juvenile drove to the Millennium Plant II on Middle Road in Ashtabula Township. Appellant and the boy left her truck parked in the parking lot and walked to the adjacent Acme Scrap Company. Appellant led the boy into the building and to a room where scrap aluminum cans were stored. Appellant and the juvenile shoveled cans into plastic garbage bags appellant had brought to the site. The two filled approximately thirty bags with cans and carried the bags outside. They returned to appellant's truck and pulled out onto the road in order to return to Acme Scrap Company to retrieve the bags.
 {¶ 3} Deputy Sheriff Michael Roach stopped appellant's vehicle for driving without the lights activated. Deputy Roach had responded to a call at approximately 8:00 p.m. regarding a suspicious vehicle and persons at the Millennium Plant. He found appellant's truck parked in the lot and discovered that the license plates were registered to another vehicle owned by appellant. No one was in the vicinity of the truck at that time. Deputy Roach left to respond to another call. He returned twenty to twenty-five minutes later to find the truck still parked in the same place. About five minutes later, Deputy Roach saw the truck pull out of the parking lot. He made the traffic stop after the truck traveled approximately a quarter of a mile.
 {¶ 4} Deputy Roach said that both appellant and her passenger appeared to be nervous. Appellant claimed she and the juvenile had been walking behind the Millennium Plant on the Acme Scrap property. He questioned appellant and the juvenile separately regarding their activities. Based upon the boy's responses, Deputy Roach requested assistance. Deputy Martin arrived and accompanied the juvenile to the Acme Scrap Company. Deputy Martin discovered thirty bags filled with aluminum cans outside the building. The boy had some problems finding the correct room but he succeeded in leading Deputy Martin to the room where the cans were stored. Deputy Roach arrested appellant for breaking and entering, possession of criminal tools, and driving with fictitious plates.
 {¶ 5} A jury convicted appellant of breaking and entering, in violation of R.C. 2911.13(A), a felony of the fifth degree. Appellant appeared before the trial court for sentencing on February 6, 2002. The court stated it reviewed the presentence investigation report. The court was informed that appellant was currently employed at a plastics company and enrolled in a program at Lake Area Recovery. Appellant told the trial court that she was in the process of straightening out her life after being in a bad relationship for twelve years.
 {¶ 6} The trial court stated it would classify appellant as a habitual offender because of her terrible criminal record, extending back to 1989. The court noted that appellant was convicted of operating a motor vehicle while intoxicated in 1989 and had convictions for driving without a license in 1991, 1993, and 1999. Appellant was convicted of drug abuse in 1996, of driving under suspension in 1999, for theft in 1999, of aggravated disorderly conduct in 2000, and for unauthorized use of a motor vehicle in 2001.
 {¶ 7} The court went on to state that appellant lied during her testimony at her trial for this offense. In the presentence report, appellant did not accept responsibility for her actions, but blamed everything on her boyfriend. The court considered the most aggravating factor to be her involvement of a thirteen-year old child in the theft offense. The court stated appellant was not amenable to community control sanctions. The court found that the imposition of community control sanctions would not adequately protect the public from future crimes by her and that, if imposed, the appellant would not be punished for her breaking and entering offense. Further, imposing community control sanctions would demean the seriousness of the offense. The court stated that the shortest term would demean the seriousness of the offense and not adequately protect the public from future crime. The court sentenced appellant to a term of eight months.
 {¶ 8} In its February 6, 2002 judgment entry of sentence, the trial court stated it considered the purposes and principles of sentencing as set forth in R.C. 2929.11 and the factors found in R.C.2929.12. The court stated it weighed the factors set forth in R.C. 2929.13
and 2929.14. The court then journalized its eight-month sentence.
 {¶ 9} Appellant assigns the following error for review:
 {¶ 10} "The trial court erred to the prejudice of Appellant by failing to adhere to the statutory requirements when imposing prison sentence, rather than a community control sanction, on Ms. Frasure for her fifth degree felony."
 {¶ 11} In her sole assignment of error, appellant disputes numerous issues with regard to the trial court's imposition of an eight-month term of imprisonment for a fifth-degree felony. The trial court sentenced appellant on February 6, 2002. Ohio Department of Rehabilitation and Correction records indicate that appellant began serving her sentence on February 12, 2002, and that she was released July 11, 2002. Therefore, appellant has served her sentence. Appellant has not challenged the underlying conviction for breaking and entering. This court cannot provide any relief to a defendant who has served his or her sentence if the underlying conviction itself is not at issue. There is no collateral disability or loss of civil rights which can be remedied by a modification of appellant's sentence. As such, appellant's appeal is moot. State v. Yopp, 11th Dist. No. 2001-A-0039, 2002-Ohio-2073, 2002 Ohio App. LEXIS 1980; State v. Beamon, 11th Dist. No. 2000-L-160,2001-Ohio-8712, 2001 Ohio App. LEXIS 5655. The appeal from the judgment of the Ashtabula County Court of Common Pleas is hereby dismissed.
WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.